UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Sherie Robinson,<br><br>    Plaintiff,<br><br>v.<br><br>Griggs & Associates, LLC<br>Dba G&A Services<br>c/o Carl Dudley<br>5071D Austell, Suite 527<br>Clarkdale, GA 30111,<br><br>    Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

## **JURISDICTION AND VENUE**

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Illinois.

5- Defendant is a corporation with its principal office in the State of Georgia.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

1

**FACTS COMMON TO ALL COUNTS**

9- On or around April 23, 2009, Plaintiff filed a voluntary bankruptcy petition ("Petition").

10- The Petition included the Debt.

11- On or around August 11, 2009, Plaintiff received a discharge of the Debt.

12- In or around March 2012, despite having knowledge of Plaintiff's bankruptcy, Defendant telephoned with Plaintiff to collect the Debt and left a voicemail.

13- At the time of this communication, Defendant knew or should have known about the Petition and discharge.

14- During this communication, Defendant falsely represented that there was "legal matter" pending against Plaintiff that involved "electronic fraud" and "check kiting."

15- During this communication, Defendant falsely represented that a case would be filed against Plaintiff.

16- During this communication, Defendant falsely represented that an adversary decision had already been made against Plaintiff but that she had an opportunity to make a "voluntary statement" to officer.

17- In or around March 2012, Plaintiff communication with Defendant.

18- During this communication, Plaintiff notified Defendant that the Debt had been included in her bankruptcy and been discharged,

19- During this communication, Defendant falsely represented that the bankruptcy did not affect the Debt, and they were pursuing Plaintiff for check fraud.

20- In or around March 2012, Defendant telephoned Plaintiff to collect the Debt and left a voicemail.

21- At the time of this communication, Defendant knew or should have known about the Petition and discharge.

22- During this communication, Defendant falsely represented that there was a õlegal matterö pending against Plaintiff that involved õelectronic fraud.ö

23- During this communication, Defendant threatened that it would turn the matter over the Cook Country for prosecution in 48 hours unless Plaintiff resolved the matter.

24- Defendant damaged Plaintiff by causing her undue stress and anxiety.

25- Defendant violated the FDCPA.

## COUNT I

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC §1692c(a)(2) by communicating with a consumer after having notice that the consumer was represented by an attorney.

## COUNT II

28- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

29- Defendant violated 15 USC § 1692e(2) by misrepresenting the character, amount, and/or legal status of the Debt.

## COUNT III

30- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

31- Defendant violated 15 USC § 1692e(5) by threatening to take action against Plaintiff that Defendant cannot legally take.

## COUNT IV

32- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

33- Defendant violated 15 USC § 1692e(5) by threatening to take action against Plaintiff that Defendant did not intend to take.

## COUNT V

34- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

35- Defendant violated 15 USC § 1692e(10) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT VI

36- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

37- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT VII

38- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

39- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## JURY DEMAND

40- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

41- Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd., Suite 709
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*